UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CHRISTOPHER GILLES,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, et al., a.k.a; CITY OF SAN DIEGO (a corporate legal individual and municipal corporation); SAN DIEGO POLICE DEPARTMENT (a municipal instrumentality); STEPHEN HICKOX (SDPD Badge #8330; SDPS ID: 7211); "D. COLLINS" (SDPD Badge #unknown; SDPD ID: 7790 (unconfirmed); and DOES 1-10, inclusive (Municipal Employees; Real Parties in Interest),<br><br>　　　　　　Defendants. | Case No.: 19-cv-1075-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are 1) the Motion to Remand filed by Plaintiff Mark Christopher Gilles (ECF No. 6); and 2) the Amended Motion to Dismiss filed by Defendants City of San Diego (the "City"), the San Diego Police Department ("SDPD"), SDPD Officer Stephen Hickox, and SDPD Officer Dominic Collins (ECF No. 7).

///

///

1

## I. BACKGROUND

On June 7, 2019, Plaintiff filed a Complaint in the Superior Court of the State of California, County of San Diego, against the City, SDPD, Officer Hickox, and Officer Collins. (ECF No. 1-2). In the Complaint, Plaintiff alleges that on April 1, 2019, he "set out to conduct a Fourth Amendment audit of the San Diego Police Department's field officers . . . ." *Id.* ¶ 26. Plaintiff alleges that he procured two aluminum cans to use as "bait." Plaintiff rinsed the cans clean and filled one can, labeled "MICKEY'S BEER," with cream soda. *Id.* ¶¶ 27-28. Plaintiff took the cans with him to the "Sea Wall" near 1900 Abbot Street in Ocean Beach at approximately 6:00 p.m. *Id.* ¶ 32. About ten minutes later, Officers Hickox and Collins approached him, and Plaintiff "felt apprehensively compelled" to provide Officer Hickox with two expired forms of identification. *Id.* ¶¶ 32-34. Plaintiff alleges that Officer Hickox "ran a non-consensual check for wants and warrants" then "aggressively seized the aluminum can" and poured its contents into the sand. *Id.* ¶¶ 34-35. Plaintiff alleges that Officer Hickox cited Plaintiff for having two open containers of beer in violation of San Diego Municipal Code section 63.20.13. *Id.* ¶ 38. Plaintiff alleges that Officer Hickox provided Plaintiff with a notice to appear in court, which "Plaintiff signed, *Under Duress*." *Id.* ¶ 41. Plaintiff also alleges that he owns the copyright to an original, unpublished work, titled "MARK CHRISTOPHER GILLES; DEARBORN . . . The Man With 2 Family Names . . . Or Is It 3?". *Id.* ¶ 108, 112.

Plaintiff brings claims for 1) deprivation of rights under 42 U.S.C. § 1983 against Officers Hickox and Collins; 2) conspiracy under 42 U.S.C. § 1985 against Officers Hickox and Collins; 3) deprivation of rights under § 1983 (*Monell*) against the City and SDPD; 4) copyright infringement against all Defendants; 5) conversion of personal property against all Defendants; and 6) violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code sections 17200 et seq., against all Defendants. (ECF No. 1-2). Plaintiff seeks damages, including punitive damages; a preliminary and permanent injunction; a declaration that the City's "officially sanctioned policy is unconstitutional;" a declaration that SDPD's "de facto policy, of making any arrest that

SDPD officers know is not in accordance with law, is unconstitutional;" restitution and costs; and any other relief to which Plaintiff may be entitled. *Id.*

On June 7, 2019, Defendants removed Plaintiff's state court action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a) and (c). (ECF No. 1 at 2). On July 11, 2019, Plaintiff filed a Motion to Remand this action to state court. (ECF No. 6). On August 2, 2019, Defendants filed a Response in Opposition to Plaintiff's Motion to Remand. (ECF No. 11). Plaintiff did not file a reply.

On July 12, 2019, Defendants filed an Amended Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7). On July 29, 2019, Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss. (ECF No. 10). On August 5, 2019, Defendants filed a Reply. (ECF No. 12). On August 12, 2019, Plaintiff filed a Sur-Reply. (ECF No. 14).

## II. MOTION TO REMAND

Plaintiff contends that the Court should remand this action to state court, because "Plaintiff chose to assert his claims . . . in the San Diego Superior Court." (ECF No. 6 at 6-7). Plaintiff contends that Defendants removed this action to cause unnecessary delay or prejudice Plaintiff. *Id.* at 7. Defendants contend that removal was proper because seven of Plaintiff's eight causes of action could have originally been filed in the district court. (ECF No. 11 at 3). Specifically, Defendants contend that the Court has original jurisdiction over Plaintiff's § 1983 and § 1985 claims pursuant to 28 U.S.C. § 1331. *Id.* at 2-3. Defendants contend that the Court has exclusive jurisdiction over Plaintiff's copyright infringement claim and original jurisdiction over Plaintiff's related unfair competition claim, pursuant to 28 U.S.C. § 1338. Defendants contend the Court may properly exercise supplemental jurisdiction over Plaintiff's state law conversion claim, because "it arises from the same set of facts as the removable claims and its outcome relies on Plaintiff's intellectual property claim." *Id.* at 3.

"Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the

3

19-cv-1075-WQH-KSC

action." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009); *see* 28 U.S.C. § 1441(a). Federal jurisdiction must exist at the time the complaint is filed and at the time removal is effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). A party can challenge removal based on lack of subject matter jurisdiction through a motion to remand. 28 U.S.C. § 1447. There is a "strong presumption against removal" such that the removing party "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244.

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." District courts have original and exclusive jurisdiction "of any civil action arising under any Act of Congress relating to . . . copyrights . . . ." 28 U.S.C. § 1338(a). District courts also have original jurisdiction "of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright . . . laws." 28 U.S.C. § 1338(b).

Federal courts have supplemental jurisdiction over state law claims that are so related to the federal claims that they form part of the same case or controversy. 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a common nucleus of operative fact with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (quotation omitted). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The court, however, "is not required to make a § 1367(c) analysis unless asked to do so by a party." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

Plaintiff alleges violations of 28 U.S.C. §§ 1983 and 1985 in his first through fifth causes of action. These are claims under federal laws, which this Court has original subject matter jurisdiction over pursuant to § 1331. *See also* 28 U.S.C. § 1343 (a district court has original jurisdiction over acts done in furtherance of a conspiracy alleged pursuant to § 1985). This Court has exclusive jurisdiction over Plaintiff's sixth cause of action for copyright infringement under the federal Copyright Act pursuant to § 1338. Plaintiff's ability to recover for alleged UCL violations in the eighth cause of action depends on Plaintiff's copyright infringement claim. *See* ECF No. 1-2 ¶ 174 (alleging that Defendants violated California's UCL through their "unauthorized use of the main essence of Plaintiff's copyrighted Work . . ."). The Court has original jurisdiction over Plaintiff's eighth cause of action under the UCL, because it is joined with Plaintiff's copyright infringement claim.

Plaintiff's seventh cause of action for state law conversion rests on the allegation that Defendants "substantially interfered with Plaintiff['s] . . . property by attempting infringement of the main essence" of Plaintiff's copyrighted work. *Id.* ¶ 162. Plaintiff's conversion claim is based on the same facts as Plaintiff's copyright infringement claim; the claims share a common nucleus of operative fact. Plaintiff's state law conversion claim is, therefore, "part of the same case or controversy" as Plaintiff's copyright infringement and UCL claims. The Court may properly exercise supplemental jurisdiction over Plaintiff's seventh cause of action.

Removal was proper under § 1441 because the Court has original jurisdiction over seven of Plaintiff's causes of action and supplemental jurisdiction over the remaining

5

19-cv-1075-WQH-KSC

claim. Plaintiff has not asserted a proper basis for this Court to remand the action to state court. Plaintiff's Motion to Remand is denied.

## III. MOTION TO DISMISS

Defendants move to dismiss Plaintiff's Complaint on the grounds that Plaintiff fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7-1 at 7).[1]

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quotation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are

---

[1] Defendants request that the Court take judicial notice of San Diego Superior Court Case Number: 37-2019-00024170-CU-MC-CTL. (ECF No. 7-2 at 2). Judicial notice of the requested document is unnecessary for this Order. Defendants' Request for Judicial Notice is denied. *See Asvesta v. Petroustas*, 580 F.3d 1000, 1010 n. 12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted). If both parties advance plausible alternative explanations, then the "plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)," because "[t]he standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable." *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) ("Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im* plausible.").

### B. Fourteenth Amendment Claims

Defendants contend that Plaintiff's first through fifth causes of action fail to state a Fourteenth Amendment claim. Defendants contend the Fourteenth Amendment does not apply to excessive force or unlawful arrest cases. (ECF No. 7-1 at 9). Plaintiff contends that he does not raise an excessive force claim. (ECF No. 10 at 11).

"Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quotation omitted); *see id.* (analyzing a claim for an arrest without probable cause under the Fourth rather than Fourteenth Amendment).

Plaintiff's first through fifth causes of action state claims under the Fourth Amendment, not the Fourteenth Amendment. *See* ECF No. 1-2 ¶¶ 58, 68, 78, 89 (alleging that Defendants "violated [Plaintiff's] Fourth Amendment right to be secure in his person, against unreasonable seizure . . . applicable to the several states . . . by virtue of the Fourteenth Amendment"). To the extent Plaintiff's Complaint does allege a violation of the Fourteenth Amendment based on unlawful seizure or arrest, Plaintiff's claims are

dismissed. Defendants' Motion to Dismiss the Fourteenth Amendment claims in the first through fifth causes of action is GRANTED.

### C. First Cause of Action - Section 1983 Claim Against Officer Hickox

Defendants contend that Plaintiff fails to state a § 1983 claim against Officer Hickox for unlawful seizure and false arrest because the stop and subsequent issuance of an infraction was objectively reasonable. (ECF No. 12 at 4). Defendants further contend that Officer Hickox is entitled to qualified immunity. *Id.* at 13. Plaintiff contends that the seizure or arrest was unreasonable because it was impossible for the SDPD Officers to determine what type of beverage was in Plaintiff's hand. (ECF No. 10 at 13).

A plaintiff may bring a § 1983 claim for a violation of the Fourth Amendment of the United States Constitution. *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001). The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures." U.S. Const. amend. IV. Courts apply a two-step inquiry to determine whether a defendant violated a plaintiff's Fourth Amendment right. *Brower v. Cnty. of Inyo*, 498 U.S. 593, 598-599 (1989). First, the court determines whether any "seizure" occurred. *Id.* at 598. A Fourth Amendment seizure occurs when there is a "governmental termination of freedom of movement through means intentionally applied." *Id.* at 597 (emphasis omitted). Freedom of movement is restrained if, considering all of the circumstances surrounding the encounter, a reasonable innocent person would have believed that he was not free to leave. *U.S. v. Mendenhall*, 446 U.S. 544, 553-54 (1980).

If a seizure occurred, the Court then determines whether the officer's actions were objectively reasonable. *Scott v. Harris*, 550 U.S. 372, 381 (2007). A limited, brief seizure, like a traffic stop, is objectively reasonable when the officer has "reasonable suspicion, based on objective facts, that the individual is involved in criminal activity." *Brown v. Texas*, 443 U.S. 47, 51 (1979). If a seizure constitutes a formal arrest or has the "essential attributes of a formal arrest," it is unreasonable unless supported by probable cause. *Michigan v. Summers*, 452 U.S. 692, 700 (1981). In determining whether probable cause

exists for an arrest, courts consider "whether at that moment the facts and circumstances within [the officer's] knowledge . . . were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

The issuance of a notice to appear in court generally does not constitute an arrest. *See Karam v. City of Burbank*, 352 F.3d 1188, 1194 (9th Cir. 2003). Under California law, however, the issuance of a citation for an infraction, for which the officer requires the person to sign a notice to appear in court, is an "arrest" requiring probable cause. *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1498 (9th Cir. 1996) (issuance of a citation to a motorcyclist for violating helmet law is an "arrest" for which probable cause is required); Cal. Pen. Code § 853.5(a).

Section 63.20.13 of the San Diego Municipal Code provides:

> It is unlawful for any person . . . within the limits of any beach areas . . . to do any act or acts contrary to the rules established by the Director for use of the beach area, provided, however, that the rules shall be conspicuously posted in the beach area.

Plaintiff alleges that he waited by the "Sea Wall" in Ocean Beach with an open can of beer-colored liquid, labeled "MICKEY'S BEER." (ECF No. 1-2 ¶¶ 27-29, 32). Plaintiff alleges that there were "rules conspicuously posted in the beach area" prohibiting alcohol. *Id.* ¶ 38. Plaintiff alleges that he deliberately made the aluminum can look like a can of beer, to use "as bait" for the Officers. *Id.* ¶ 27. Based on these facts as alleged, a reasonable officer at the scene could suspect Plaintiff had an open beer can in violation of section 63.30.13, sufficient to justify an investigatory seizure. Plaintiff alleges that Officer Hickox then poured cream soda, a beer-like substance, out of the beer can. *Id.* ¶ 28. Viewing the facts in the light most favorable to Plaintiff, a reasonable officer could have concluded Plaintiff was violating the Municipal Code. Officer Hickox had probable cause to cite Plaintiff for a violation of section 63.30.13. Defendants' investigatory seizure and subsequent issuance

9

19-cv-1075-WQH-KSC

of a citation to Plaintiff was objectively reasonable under the Fourth Amendment. Defendants' Motion to Dismiss the first cause of action against Officer Hickox is granted.

### D. Second Cause of Action - Section 1983 Claim Against Officer Collins

Defendants contend that Plaintiff fails to state a § 1983 claim against Officer Collins, because the Complaint "lacks any allegations of Officer Collins having a fundamental role in the citation which Plaintiff received on April 1, 2019." (ECF No. 7-1 at 12). Defendants also contend that Officer Collins is entitled to qualified immunity. *Id.* at 13. Plaintiff contends that Officer Collins participated in the unlawful seizure and arrest by "the act of standing at the ready, in the event that Plaintiff attempted to terminate the encounter . . . ." (ECF No. 10 at 17).

To state a claim under § 1983, a plaintiff must show "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988) (citations omitted). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Id.* at 633 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis omitted). The plaintiff must link each defendant's actions or inactions with the plaintiff's claims by setting forth "specific facts as to each individual defendant's" actions. *Leer*, 844 F.2d at 634. Either personal involvement or integral participation of the officer in the alleged constitutional violation is required before liability may be imposed; liability may not be imposed based solely on an officer's presence during the incident. *Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009); *see Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996) (being "a mere bystander [to a colleague's conduct] was insufficient" to support a § 1983 claim).

In this case, Plaintiff alleges that Officer Collins approached Plaintiff. (ECF No. 1-2 ¶ 33). Plaintiff does not state any other factual allegations about the actions or inactions

10

of Officer Collins. Plaintiff does not allege facts that show Officer Collins deprived Plaintiff of any protected right. Defendants' Motion to Dismiss the second cause of action is granted.

### E. Third Cause of Action - Section 1985 Claim

Defendants contend that Plaintiff's § 1985 claim fails, because Plaintiff does not state facts that show Officers Hickox and Collins conspired to violate Plaintiff's Fourth Amendment rights. (ECF No. 7-1 at 13). Plaintiff contends that it can be inferred from the circumstances that Officers Hickox and Collins reached an understanding to work for a common purpose. (ECF No. 10 at 18).

Section 1985(3) provides, in relevant part:

> If two or more persons in any State or Territory conspire, . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws . . . the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

"The absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." *Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989).

Plaintiff cannot sustain his § 1985(3) claim because he fails to state a § 1983 claim based on the same facts. Defendants' Motion to Dismiss Plaintiff's third cause of action is granted.

### F. Fourth Cause of Action - Section 1983 Claim Against the City

Defendants contend that Plaintiff fails to plead a § 1983 claim against the City, because Plaintiff fails to show that the City's policy or custom caused a violation of Plaintiff's constitutional rights. (ECF No. 7-1 at 17). Plaintiff contends that the City and SDPD's policy that "[c]onfiscated alcohol beverage containers not required as evidence

shall be poured out in front of the person arrested[/]cited or held for disposal at an area station" causes intentional spoliation of evidence. (ECF No. 10 at 23).

"To bring a § 1983 claim against a local government entity, a plaintiff must plead that a municipality's policy or custom caused a violation of the plaintiff's constitutional rights." *Ass'n for L.A. Deputy Sheriffs v. Cnty. of L.A.*, 648 F.3d 986, 992-93 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1976)). The plaintiff must show "(1) that he possessed a constitutional right of which he was deprived; (2) that the [City] had a policy; (3) that the policy 'amounts to deliberate indifference' to [the plaintiff's] constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989)).

In this case, Plaintiff fails to state facts sufficient to show he was deprived of his Fourth Amendment rights. Plaintiff, therefore, cannot show that the City's policy or custom deprived him of a Fourth Amendment right. Defendants' Motion to Dismiss Plaintiff's fourth cause of action is granted.

### G. Fifth Cause of Action – Section 1983 Claim Against SDPD

Defendants contend Plaintiff's fifth cause of action fails to state § 1983 claim for the same reasons Plaintiff's fourth cause of action fails. Defendants contend that Plaintiff's fifth cause of action against SDPD also fails because SDPD is not a proper Defendant. SDPD is a subsidiary of the City, so any claim against SDPD must be filed against the City. (ECF No. 7-1 at 17). Plaintiff contends that his allegations against SDPD "shall be construed as convertible in name, meaning the same entity" as the City. (ECF No. 10 at 28).

Plaintiff fails to state facts sufficient to show he was deprived of any constitutional right, as required for a claim based on *Monell* liability. Defendants' Motion to Dismiss Plaintiff's fifth cause of action is granted.

///

///

### H. Sixth Cause of Action - Copyright Infringement

Defendants contend that Plaintiff's name is not subject to copyright protection. (ECF No. 7-1 at 19). Defendants contend that Plaintiff fails to state facts to show that Officer Hickox copied Plaintiff's unpublished written work, "MARK CHRISTOPHER GILLES; DEARBORN . . . The Man With 2 Family Names . . . Or Is It 3?". Defendants contend that writing Plaintiff's name on a citation does not constitute a derivative work. *Id.* at 20. Defendants also contend that SDPD is not a proper defendant. *Id.* at 17. Plaintiff contends that his name is a character in a copyrighted literary work. (ECF No. 10 at 30).

To state a claim for copyright infringement, a plaintiff must show "that he or she owns the copyright and that the defendant copied protected elements of the work." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (citation omitted). "The protected elements of a work are those elements which are 'original,' which is to say that they are the product of 'independent creation, not novelty.'" *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 636 (9th Cir. 2008) (quoting *Roth Greeting Cards v. United Card Co.*, 429 F.2d 1106, 1109 (9th Cir. 1970)). A person's name is not copyrightable, and a name does not become protected "simply because it is embodied in a copyrightable work." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1004-05 (9th Cir. 2001).

Plaintiff makes the conclusory allegation that Defendants "attempted to infringe on the main essence of Plaintiff's copyrighted Work." (ECF No. 1-2 ¶ 148). Plaintiff also makes the conclusory allegation that Defendants "have failed to exercise their right and ability to supervise persons within their control to prevent infringement, and they did so with intent to further their financial interest in the infringing of the main essence of "MARK CHRISTOPHER GILLES; DEARBORN . . . The Man With 2 Family Names . . . Or Is It 3?". *Id.* ¶ 150. Plaintiff fails to state facts showing that any Defendant attempted to, or did, copy any element of a work protected by copyright. Defendants' Motion to Dismiss Plaintiff's sixth cause of action is granted.

///

///

## I. Seventh Cause of Action - Conversion

Defendants contend that Plaintiff fails to state a claim for conversion, because Plaintiff fails to "establish that any property was taken by a wrongful act and [Plaintiff] provided no facts to support damages." (ECF No. 7-1 at 21). Defendants contend that Plaintiff fails to allege that he complied with the requirement to submit a written claim to the public entity before failing a lawsuit seeking monetary damages against a public employee for violation of state law. *Id.* at 18. Defendants also contend that SDPD is not a proper defendant. *Id.* at 17. Plaintiff contends he will "file a tort claim . . . or re-file the amended complaint back in the Superior Court . . . ." (ECF No 10 at 29). Plaintiff contends that his "person is his sole personal property, as well as his legally protected names." *Id.* at 32.

> Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages . . . .

*Lee v. Hanley*, 354 P.3d 334, 344 (Cal. 2015).

Plaintiff makes the conclusory allegation that Defendants "intentionally and substantially interfered" with Plaintiff's property by "attempting infringement of his copyrighted Work . . . ." (ECF No. 1-2 ¶ 163). Plaintiff fails to state facts sufficient to show Defendants converted Plaintiff's property or that Plaintiff was damaged. Defendants' Motion to Dismiss Plaintiff's seventh cause of action is granted.

## J. Eighth Cause of Action - UCL Claim

Defendants contend that Plaintiff has not alleged facts showing Defendants engaged in an unlawful, unfair, or fraudulent business practice. (ECF No. 7-1 at 21). Defendants contend that Plaintiff fails to allege that he complied with the requirement to submit a written claim to the public entity before failing a lawsuit seeking monetary damages against a public employee for violation of state law. *Id.* at 18. Defendants also contend that SDPD is not a proper defendant. *Id.* at 17.

California's UCL prohibits "any unlawful, unfair or fraudulent business practice." Cal. Bus. & Prof. Code §§ 17200, 17203.

Plaintiff alleges that Defendants violated the UCL through their "unauthorized use of the main essence of Plaintiff's copyrighted Work . . . ." (ECF No. 1-2). Plaintiff does not state a claim for copyright infringement, so his UCL claims fails. *See Cel-Tech Commuc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 561 (Cal. 1999) (the UCL "borrows violations of other laws and treats them as unlawful practices" that are "independently actionable"). Defendants' Motion to Dismiss Plaintiff's eighth cause of action is granted.

## IV. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 6) is DENIED. Defendants' Amended Motion to Dismiss (ECF No. 7) is GRANTED. Plaintiff shall file any motion for leave to amend the Complaint within 30 days of the date of this Order. If no motion is filed, the Clerk shall close the case.

Dated: November 1, 2019

Hon. William Q. Hayes
United States District Court